**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NUMBER _____

PAULA L. MCGRATH,

      Plaintiff,

v.

ROYAL CARRIBEAN CRUISES, LTD.,
A LIBERIAN CORPORATION,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW**, Plaintiff, **PAULA L. MCGRATH,** by and through her undersigned attorney, and hereby files her Complaint against Defendant, ROYAL CARRIBEAN CRUISES, LTD., A LIBERIAN CORPORATION and states:

1.      This is an action for damages that exceed $75,000.00, exclusive of attorney's fees and costs.

2.      Plaintiff, PAULA L. MCGRATH, at all times material hereto, was, and is, a citizen of the state of New Jersey and at all times material was a passenger on board a passenger cruise ship, ROYAL CARRIBEAN CRUISES, LTD.'s *Liberty of the Seas.*

3.      At all times material hereto, Defendant, ROYAL CARRIBEAN CRUISES, LTD., was a Liberian corporation licensed to conduct business in the State of Florida, and did conduct business in Florida as ROYAL CARRIBBEAN CRUISES LTD., A LIBERIAN CORPORATION,

providing cruise ship voyages to paying passengers, and owned and/or operated a cruise ship known as the *Liberty of the Seas*.

4.      Jurisdiction is proper in this Court under 28 U.S.C. § 1333, which provides original jurisdiction to United States District Courts exclusive of state courts of "any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they may be entitled", and pursuant to Article III, Section 2 of the U.S. Constitution.

5.      Venue in the United States District Court for the Southern District of Florida is appropriate pursuant to the forum selection clause contained in the passenger ticket between Plaintiff and ROYAL CARRIBEAN CRUISES, LTD., under which Plaintiff was travelling at the time of the incident.

6.      Defendant has agreed, in writing, that jurisdiction and venue are proper in the Southern District of Florida under the terms of the cruise ticket tendered by the Defendant to Plaintiff.  A copy of said cruise ticket is in the possession of ROYAL CARRIBEAN CRUISES, LTD.

7.      On are about June 15, 2015, the Plaintiff, PAULA L. MCGRATH, was injured aboard the Defendant's vessel during a cruise which originated in, and returned to, Cape, Liberty, New Jersey.

8.      At that time and place, Defendant had a duty to paying passengers, including the Plaintiff, PAULA L. MCGRATH, to maintain its premises, including those areas where a passenger is invited to, or may reasonably be expected to visit, in a reasonably safe manner under the circumstances, including providing Plaintiff with safe passage aboard a seaworthy vessel, and to exercise reasonable care and effort to avoid subjecting Plaintiff to suffering or inconvenience.

9.      At that time and place, Defendant had an additional duty to paying passengers,

including the Plaintiff, PAULA L. MCGRATH, to warn the Plaintiff of dangerous conditions that existed in places where the Defendant knew, or in the exercise of reasonable care, should have known, that Plaintiff would visit.

10.     On or about June 15, 2015, Defendant breached all of its duties to Plaintiff, PAULA L. MCGRATH, by failing to use reasonable care under the circumstances in negligently failing to inspect and maintain the lower level of the stairs leading from the *Liberty of the Seas* to an excursion boat which Defendant provided to the Plaintiff, PAULA L. MCGRATH. As the Plaintiff ascended the stairs to return to the *Liberty of the Seas*, she grasped the hand rail with her left hand and her left ring finger and pinky jammed into a piece of metal which was obstructing the hand rail.  The Defendant, furthermore, gave no warning directly or indirectly to the Plaintiff of that dangerous condition of its stairs before the Plaintiff grasped the hand rail while ascending its stairs.

11.     As a proximate result of Defendant's negligent or failure to maintain the stairs, and failure to warn the Plaintiff of the dangerous condition, on or about June 15, 2015, Plaintiff, PAULA L. MCGRATH, severely injured her body.

12.     The aforementioned negligence of the Defendant created a hazardous condition to its passengers and to the Plaintiff, and was known to the Defendant or had existed for a sufficient length of time so that Defendant should have known of it, or that such incident occurred with such frequency on the Defendant's stairs, and upon other similar stairs of ROYAL CARRIBEAN CRUISES, LTD.'s vessels similarly situated, so as to provide prior notice to ROYAL CARRIBEAN CRUISES, LTD.

13.     As a direct and proximate result of Defendant's negligence, Plaintiff, PAULA L. MCGRATH, suffered bodily injuries and resulting pain and suffering, physical and mental pain and anguish, permanent disfigurement, disability, loss of capacity for the enjoyment of life,

expense of hospitalization, loss of earnings, loss of the ability to earn money and expenses for physical therapy, and medical and nursing expenses. Said losses are either permanent or continuing in nature and Plaintiff will suffer these losses in the future.

WHEREFORE, the Plaintiff, PAULA L. MCGRATH, demands judgment for all damages recoverable under the law, interest and costs against the Defendant, ROYAL CARRIBEAN CRUISES, LTD., A LIBERIAN CORPORATION, a trial by jury, and any such other relief to which the Plaintiff may be justly entitled.

Respectfully submitted this 15th day of June, 2016.

LAMCHICK LAW GROUP, P.A.
*Attorneys for Plaintiff*
9350 South Dixie Highway, PH 3
Miami, FL 33156
Telephone No.: (305) 670 – 4455
Facsimile No.: (305) 670 - 4422

By: *s/ Robert J. Galamaga*
   **ROBERT J. GALAMAGA**
   **Of Counsel**
   Florida Bar No. 186703
   E-mail: rgalamaga@lamchick.com

4

JS 44 (Rev. 11/15)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PAULA L. MCGRATH

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lamchick Law Group, P.A.
9350 South Dixie Highway, PH 3
Miami, FL 33156          305-670-4455

## DEFENDANTS

ROYAL CARRIBEAN CRUISES, LTD.,
A LIBERIAN CORPORATION

County of Residence of First Listed Defendant    Miami-Dade
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 2  U.S. Government
Defendant

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☒ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                    *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 840 Trademark | | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from Another District *(specify)*  ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1333

Brief description of cause:
Personal injury while onboard a cruise ship

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
75,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE
06/15/2016

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| PAULA L. MCGRATH<br><br>*Plaintiff(s)*<br><br>v.<br><br>ROYAL CARRIBEAN CRUISES, LTD.,<br>A LIBERIAN CORPORATION<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Royal Caribbean Cruises, Ltd.,
a Liberian Corporation
by serving its registered agent
Bradley H. Stein
1050 Caribbean Way
Miami, FL 33132

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Robert J. Galamaga, Esquire, Of Counsel
Lamchick Law Group, P.A.
9350 South Dixie Highway, PH 3
Miami, FL 33156
Tel: 305-670-4455
Fax:  305 - 670 - 4422

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*